IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| PEDRO COLIN AND SALIC RAZIJA, INDIVIDUALLY, AND AS NEXT FRIENDS OF A.C., A MINOR, | § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | NO. 4:18-CV-330-A |
| FORT WORTH INDEPENDENT SCHOOL DISTRICT, ET AL., | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION
and
ORDER

Came on for consideration the motions to dismiss filed in the above-captioned action by defendants, Fort Worth Independent School District ("FWISD") and Wayland Scott ("Scott"). Plaintiffs, Pedro Colin ("Colin"), Salic Razija ("Razija"), and A.C., acting by and through Colin and Razija as his next friends, have responded. The court, having considered the motions, the response of plaintiffs, the replies, plaintiffs' amended complaint, and the applicable legal authorities, finds that the motions should be granted.

I.

## Plaintiffs' Claims

In summary form, plaintiffs made the following allegations in their first amended complaint:

A.C. is a minor suffering from Autism Spectrum Disorder. Doc.[1] 15 at 2, ¶ 9. He was enrolled from the summer of 2014 through April 2016 in a special education class at Boulevard Heights Elementary School, which is a school within the FWISD. Id. ¶ 10. During that time, A.C. would come home from school with bodily injuries, including bruising on his arms, chest, and legs, and abrasions and contusions on his head. Id. A.C. was occasionally taken to the hospital for medical treatment as a result of these injuries. Id.

Colin and Razija made multiple attempts to discern the causes of their son's injuries. They spoke to Scott, A.C.'s teacher, and reported the injuries to other FWISD officials, including Principal Paul Kaufman ("Kaufman") and several investigators. Id. ¶¶ 11-12. In response to multiple inquiries, Scott speculated to Colin and Razija that A.C.'s injuries were self-inflicted or caused by other students, but never gave them a definitive explanation. Id. ¶ 11. A.C.'s

---

[1] The "Doc.___" reference is to the number assigned to the referenced item in this action, No. 4:18-CV-330-A.

2

parents made several complaints to Kaufman, who denied that any FWISD employees caused A.C.'s injuries. Id. ¶ 12. After complaints to Kaufman continued to go unanswered, A.C.'s parents made six or seven complaints to other school officials. Id. Although A.C.'s therapists documented that they never saw A.C. exhibit aggressive behavior, either to himself or to others, FWISD school officials hypothesized that A.C.'s injuries were self-inflicted. Id. at 3, ¶ 14. FWISD did not assign personnel to monitor A.C.'s classroom or Scott. Id. at 2, ¶ 13.

On April 4, 2016, in a video-recorded conversation that took place between Scott, Colin, and Razija at their family home, Scott admitted responsibility for the injuries A.C. sustained at school. Id. at 3, ¶ 15. Scott admitted to using a school desk to raise A.C.'s arms when A.C. refused to stand up, as well as other interventions, which caused some of the bruising on A.C. Id. ¶¶ 15-16. Scott informed plaintiffs that FWISD interventions and policies were problematic, and that further admitted that after additional training he changed the way in which he instructs A.C. Id.

Based on these facts, plaintiffs assert causes of action for assault and intentional infliction of emotional distress as to Scott, violation of the Americans With Disabilities Act, 42

U.S.C. §§ 12101-12213 , ("ADA"), as to FWISD, and violation of 42 U.S.C. § 1983 as to both Scott and FWISD.

II.

Grounds of the Motions

A.  Scott's Motion to Dismiss

Scott urges that dismissal of plaintiffs' claims against him be granted for the following reasons: (1) he is entitled to qualified immunity on the claims asserted pursuant to 42 U.S.C. § 1983, (2) plaintiffs are barred from bringing their tort law claims due to their election to assert those claims against FWISD; and, (3) plaintiffs' failure to exhaust their administrative remedies under the Texas Education Code jurisdictionally bars them from asserting tort claims against Scott.

B.  FWISD's Motion to Dismiss

With respect to plaintiffs' claims brought pursuant to the ADA, FWISD urges dismissal on the grounds that the court lacks jurisdiction over such claims, that Colin and Razija lack standing to assert the ADA claims for their own mental anguish, that plaintiffs failed to state claims on which relief my be granted, and that to the extent that Colin and Razija assert ADA claims against FWISD on their own behalf, those claims are barred by the statute of limitations with respect to any conduct that

4

took place before April 4, 2016. With respect to claims plaintiffs have asserted against defendant pursuant to § 1983, FWISD urges dismissal of those claims on the grounds that plaintiffs have failed to adequately plead those claims, and that the claims as asserted by Colin and Razija are barred in part by the statute of limitations. Finally, FWISD asserts it is entitled to governmental immunity on plaintiffs' negligence claim.[2]

III.

Applicable Legal Principles

A. Standards Applicable to the Motions to Dismiss

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. at 544, 555 (2007)(internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than

---

[2] The amended complaint does not reflect that such a claim is asserted, Doc. 15, and plaintiffs admit that they are not asserting a tort claim against FWISD. Doc. 23 at 9.

5

simply allege legal conclusions or recite the elements of a cause of action. Id. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Id. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

IV.

Analysis

A. Section 1983 Claims Against Scott and FWISD

1. Section 1983 Claims Against Scott

Scott asserts he is entitled to qualified immunity on plaintiffs' claims "because Plaintiffs have pled only vague,

6

conclusory allegations concerning alleged physical abuse of A.C., and because Scott's alleged conduct does not violate clearly established law." Doc. 16 at 5. Plaintiffs, in their response to the motions to dismiss, wholly failed to address any of the grounds for dismissal of the § 1983 claims asserted against Scott.

"The doctrine of qualified immunity shields officials from liability so long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Mullenix v. Luna, 136 S.Ct. 305, 308 (2015) (quoting Pearson v. Callahan, 555 U.S. 223, 231 (2009)). When a motion to dismiss raises the defense of qualified immunity, the burden is on the plaintiff to negate the defense. Kovacic v. Villarreal, 628 F.3d 209, 211 (5th Cir. 2010); Foster v. City of Lake Jackson, 28 F.3d 425, 428 (5th Cir. 1994). The plaintiff "must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm . . . and that defeat a qualified immunity defense with equal specificity." Backe v. LeBlanc, 691 F.3d 645, 648 (5th Cir. 2012). Plaintiff must show "(1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged

conduct." Whitley v. Hanna, 726 F.3d 631, 638 (5th Cir. 2013)(citation omitted).

Plaintiffs, in failing to respond to Scott's grounds for dismissal of the § 1983 claims asserted against him, have both abandoned the claim and failed to meet their burden to negate Scott's defense concerning whether Scott is entitled to qualified immunity. Accordingly, it is unnecessary for the court to determine whether plaintiffs stated a claim upon which relief may be granted. See Kovacic, 628 F.3d at 212.

2. Section 1983 Claims Against FWISD

Like the motion of Scott, FWISD's motion to dismiss contained a detailed discussion in support of its grounds for dismissing the § 1983 claims against asserted against it, which stem from FWISD's policies and its alleged failure to train, supervise, and investigate. See Doc. 18 at 11-21. Plaintiffs similarly failed in their response to the motions to dismiss to address any of FWISD's asserted grounds for dismissal of these claims. Because plaintiffs failed to address their § 1983 claims against FWISD in their response to FWISD's motion to dismiss, the court deems the § 1983 claims asserted against FWISD abandoned. See Black v. N. Panola Sch. Dist., 461 F.3d 584, 588 n.1 (5th Cir. 2006). Accordingly, the court concludes that dismissal of such claims is proper.

B.  Tort Claims Against Scott

Plaintiffs assert in their amended complaint state law tort claims against Scott for assault and intentional infliction of emotional distress. Scott invokes governmental immunity on both claims.

In support of dismissal of plaintiffs' intentional infliction of emotional distress claim, Scott relies on section 101.106(a) of the Texas Civil Practices & Remedies Code. That section provides:

> The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.

Tex. Civ. Prac. & Rem. Code § 101.106(a). Scott cites this section as authority for the proposition that because plaintiffs asserted in their original complaint a claim for intentional infliction of emotional distress against FWISD (in addition to Scott), they are barred from pursuing such claim against Scott.

Plaintiffs appear to argue that when a party files suit against both a governmental entity and its employee, section 101.106(a) does not control. Doc.23 at 7 (citing Ibarra v. Harris County, 243 F. App'x 830, 837 (5th Cir. 2007)). Instead, subsection (e) provides the applicable standard: "If a suit is filed under this chapter against both a governmental unit and any

9

of its employees, the employees <u>shall immediately be dismissed on the filing of a motion by the governmental unit.</u>" Tex. Civ. Prac. & Rem. Code § 101.106(e)(emphasis added). They recognize that they did originally sue both FWISD and Scott for intentional infliction of emotional distress and that FWISD filed a motion to dismiss that claim as to Scott. They seem to argue that the amending of their complaint vitiates Scott's entitlement to dismissal of this claim, but do not cite any authority in support of that proposition. Based on the plain language of section 101.106(e), the emotional distress claim against Scott should have been dismissed immediately upon the filing of the first motion to dismiss, and plaintiffs have not provided a reason, other than that "such argument is no longer before the Court," doc. 23 at 7, n.7, that persuades the court that such claim against Scott should not be dismissed now.

As for the assault claim, Scott argues that it should be dismissed pursuant to Tex. Civ. Prac. & Rem. Code § 101.106(f), which provides, in pertinent part:

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only.

As the Fifth Circuit has recognized, when the statute applies, it mandates that plaintiffs pursue lawsuits against governmental

units rather than their employees. <u>Wilkerson v. Univ. of N. Tex.</u>, 878 F.3d 147, 159 (5th Cir. 2017). Relying on an outdated case, <u>Ramirez v. Abreo</u>, No. 5:09-CV-190-C, 2010 WL 11565430 (N.D. Tex. Jan. 20, 2010), plaintiffs argue that their assault claim could not have been brought against FWISD because it is an intentional tort for which sovereign immunity has not been waived. Doc. 23 at 8. In <u>Ramirez</u>, the court made an <u>Erie</u> guess as to how the Texas Supreme Court would have treated such claims. Since that time, the Court has clearly stated that all tort theories alleged against a governmental unit are assumed to be under the Tort Claims Act, regardless of whether immunity is waived. <u>Tex. Dep't of Aging and Disability Servs. V. Cannon</u>, 453 S.W.3d 411, 415 (Tex. 2015); <u>Franka v. Velasquez</u>, 332 S.W.3d 367 (Tex. 2011). Accordingly, this claim will be dismissed.

C. <u>ADA Claim Asserted Against FWISD</u>

Plaintiffs' final claim against FWISD is that FWISD violated the ADA by not providing A.C. with the same educational opportunities enjoyed by other FWISD students. FWISD urged various grounds supporting dismissal of the ADA claims, the first of which being that plaintiffs' ADA claims should be dismissed for lack of jurisdiction. FWISD alleges that because the requested relief is also available under the Individuals with Disabilities Education Act ("IDEA"), plaintiffs were required to

exhaust their administrative remedies under the IDEA prior to filing this action, which they failed to do.

"The IDEA bars Plaintiffs from circumventing [the] administrative exhaustion requirement by taking claims that could have been brought under the IDEA and repackaging them as claims under some other statute." Marc V. v. N.E. Indep. Sch. Dist., 455 F. Supp. 2d 577, 592 (W.D. Tex. 2006). In other words, a plaintiff alleging claims under the ADA must first exhaust the administrative remedies available for claims under the IDEA when the relief sought thereby is also available under the IDEA. Fry v. Napoleon Cmty. Sch., 137 S. Ct. 743, 750 (2017). Whether a plaintiff is seeking relief available under the IDEA is discerned by determining whether "the gravamen of [the] complaint seeks redress for a school's failure to provide a [free appropriate public education ("FAPE")], even if not phrased or framed in precisely that same way."[3] Id. at 755. "What matters is the crux--or, in legal-speak, the gravamen--of the plaintiff's complaint, setting aside any attempts at artful pleading." Id.

To determine whether a claim seeks relief available under IDEA, the Supreme Court has suggested considering the answer to two hypothetical questions: (1) could the plaintiff have pursued

---

[3] As defined by the IDEA, a FAPE concerns special education and related, supported services that are tailored to meet the unique needs of a disabled child. 20 U.S.C. § 1401(9), (26), (29).

essentially the same claim had the alleged conduct occurred at a public facility that was not a school; and (2) could an adult at the school have pursued the same claim. Id. at 756. When the answer to those questions is no, the complaint probably concerns a FAPE, and administrative exhaustion as prescribed by the IDEA is required. Id.

Plaintiffs alleged in their complaint that "A.C. was not afforded the same educational opportunities as other students in FWISD" because unlike other FWISD students, A.C. was not free from abuse and unable to have his complaints "addressed in a similar manner or given the same weight." Doc. 15 at 5, ¶ 35. Plaintiffs also alleged that they "are unaware of any policy [FWISD] had in place, for the reporting and investigation of complaints by students that specifically have difficulty speaking or with traits attributed to autism," or "any accommodation . . . made or attempted . . . for A.C." Id. at 6, ¶ 36.

The court is persuaded that these allegations, which constitute the substance of plaintiffs' ADA claims against FWISD, implicate the IDEA, because, at their core, they complain that as a result of various actions and inactions by Scott and other FWISD personnel, A.C. was denied a FAPE--that due to the use by Scott of inappropriate discipline and/or restraint, A.C. "was not afforded the same educational opportunities as other students in

FWISD." Doc. 15 at 5, ¶ 35; See Reyes v. Manor Indep. Sch. Dist., 850 F.3d 251, 254 (5th Cir. 2017); Doe v. Dallas Indep. Sch. Dist., No. 3:17-CV-1284-B, 2018 WL 1899296, at *2-3 (N.D. Tex. Apr. 19, 2018) (plaintiff's claim regarding access to educational benefits following sexual assault deemed an allegation plaintiff was denied a FAPE).

Moreover, the court is not persuaded by plaintiffs' argument that administrative exhaustion is not required because plaintiffs only seek monetary damages, which are not available under the IDEA. Doc. 23 at 3. The mere request for monetary damages does not render IDEA's exhaustion requirement futile. Doe, 2018 WL 1899296, at *4. See also, Wellman v. Butler Area Sch. Dist., 877 F.3d 125, 131 n.7 (3rd Cir. 2017) ("[A] plaintiff's request for remedies not available under the IDEA does not remove the claim from being subject to exhaustion."); Frazier v. Fairhaven Sch. Comm., 276 F.3d 52, 63 (1st Cir. 2002) (explaining that it would undermine the very existence of the IDEA if plaintiffs were permitted to bypass the IDEA administrative process by "crafting [their] complaint to seek relief that educational authorities are powerless to grant."). Accordingly, the court determines that before plaintiffs can bring their asserted ADA claims, such claims must first be exhausted through the procedure set forth in

the IDEA. 20 U.S.C. § 1415(l); Gardner v. School Bd. Caddo Parish, 958 F.2d 108, 112 (5th Cir. 1992).

Plaintiffs contend that they have met the IDEA exhaustion requirement by complying with procedures provided by the FWISD for doing so. But, they have failed to show that they obtained a due process hearing with the Texas Education Agency, 20 U.S.C. § 1415(l), or that such hearing would be futile. Gardner, 958 F.2d at 112. Nor have they shown that FWISD somehow prevented them from appealing to the state agency.[4] See 20 U.S.C. § 1415(f)(3)(D). Because plaintiffs have failed to adequately exhaust the IDEA administrative remedies relevant to their claims, the court concludes that such claims should be dismissed.

FWISD alternatively says that plaintiffs have not sufficiently pleaded their ADA claim. A prima facie case under the ADA requires a plaintiff to plead that: (1) he is a qualified individual within the meaning of the ADA; (2) he is excluded from participation, or denied benefits, or otherwise discriminated against by the defendant; and (3) the exclusion, denial, or discrimination is because of his disability. Estate of A.R. v. Muzyka, 543 F. App'x 363, 364-65 (5th Cir. 2013); Hale v. King, 642 F.3d 492, 499 (5th Cir. 2011). Colin and Razija admit that

---

[4]They have simply stated that FWISD failed to provide them a handbook.

they are not asserting ADA claims. And, they simply state that A.C.'s claim is adequately pleaded. Doc. 23 at 7. They do not point to any specific facts to support this contention. The allegations of the amended complaint are conclusory and do not support the contention that FWISD discriminated against A.C. on the basis of his disability. From the pleading, it is apparent that A.C.'s behavior, rather than his disability, was the catalyst for Scott's actions.

V.

Order

The court ORDERS that defendants' motions to dismiss be, and are hereby, granted, and that plaintiffs' claims be, and are hereby, dismissed.

SIGNED August 27, 2018.

JOHN McBRYDE
United States District Judge